In re ACH ESTATE.

ACH v. ACH.

APPEAL AND ERROR—PROBATE COURT—PARTITION—LEAVE TO APPEAL.
An order by the probate court authorizing partition of the residue of a decedent's estate taken to the circuit court by the heir on appeal as of right and without leave was proper, hence, the circuit judge properly denied motion to dismiss the appeal (CL 1948, §§ 701.36, 701.37; Court Rule No 75, § 6, as revised in 1949).

Appeal from Wayne; Fitzgerald (Neal), J. Submitted May 7, 1957. (Calendar No. 46,876.) Decided July 31, 1957.

In the estate of Arthur J. Ach, deceased, following an order approving attorney fees on stipulation for a timely closing of estate, the widow and administratrix, Marie N. Ach, prayed for partition. Order authorizing partition proceedings entered, from which defendant heir, Ellen Mary Ach, appealed to circuit court, asking, also, that previous order for fees be set aside. Motion to dismiss appeal denied. Plaintiff appeals. Affirmed.

*Michael A. Guest,* for plaintiff.

*Thomas F. Chawke,* for defendant.

This Wayne county probate proceeding was instituted through filing (October 17, 1951) of the

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error § 439 *et seq.*

usual petition for appointment of administrator. After having wended its languid way along the court's calendar during intervening years, the proceeding ultimately came to an adjourned date of hearing of the fiduciary's final account. The hearing—conducted June 24, 1955—consisted exclusively of heated discussion between counsel for the fiduciary and counsel for heir (the present appellee), Ellen Mary Ach, respecting the amount of total fees to be allowed counsel for the fiduciary. It is said on the one hand that the record of such hearing evidences a stipulation of counsel that the total allowable counsel fee be the sum of $4,000; whereas counsel for the heir insists he agreed to such fee only on condition that the estate be closed and assigned not later than August 10, 1955—a condition the fiduciary's counsel would not meet.

The probate judge finally entered an order—under date of August 4, 1955—allowing the account and fixing the fee at $4,000, subject to bench-observation that if the estate be not expeditiously closed and assigned, counsel for the heir might "file a petition * * * and be heard." The order is in usual form. It directs assignment of the residue of the estate to the fiduciary as widow and to Ellen Mary as daughter, and determines the two as being sole heirs-at-law of the decedent.

August 16, 1955, the fiduciary filed a statutory petition for partition of the real and personal residue of the estate.* Ellen Mary objected to the petition, alleging *inter alia* failure of the fiduciary to close and assign the estate according to the claimed stipulation. The probate judge thereupon—under date of October 4, 1955—entered what is known in the record as an "Order Authorizing Partition Proceedings." From this order Ellen Mary took prompt

* See CL 1948, § 702.98 *et seq.* (Stat Ann 1943 Rev § 27.3178[168] *et seq.*).—REPORTER.

appeal to the circuit court, claiming such appeal of right. The fiduciary thereupon moved to dismiss the appeal, pertinently alleging that the order of October 4th was not appealable to circuit absent granted leave.

The motion to dismiss appeal was denied by circuit court order dated January 16, 1956. On application of the fiduciary, and under date of May 14, 1956, we granted leave to review such order of the circuit court. More delay followed. The printed record, confined to 52 pages of nontestimonial probate and circuit court proceedings, was not filed with us until December 28, 1956. The appellant's brief not having been filed until April 30, 1957, the case was not submitted and assigned here until May 11, 1957.

BLACK, J. (*after stating the facts*). This record portrays an instance of unfortunate grant of leave to review a circuit court order, the latter being interlocutory in nature. The result, apparent now on belated submission of the appeal so granted, becomes a regrettable compound of unnecessary delay in probating an estate long overdue for settlement. We hasten toward corrective action.

The probate court order of October 4th—whether it be termed interlocutory or final—was appealable by the heir of right. So far as present inquiry is concerned Court Rule No 75 (revised in 1949) fits its provisions to the general statute governing appeals from probate to circuit (see Section 6 of the rule as revised). The statute grants right of appeal —unconditionally and without requirement of leave —, to "*any* person aggrieved," from "*any* order, sentence, decree or denial of the judge of probate" (CL 1948, § 701.36 [Stat Ann 1943 Rev § 27.3178(36)]). The statutory exceptions to such unconditional right of appeal appear in the next ensuing section (CL 1948, § 701.37 [Stat Ann 1943 Rev § 27.3178(37)]).

Since the probate court order of October 4th does not come within the specific exceptions noted in the last-mentioned section, the motion to dismiss appeal was properly denied by the circuit judge.

Affirmed, with costs to appellee.

DETHMERS, C. J., and SHARPE, SMITH, EDWARDS, VOELKER, KELLY and CARR, JJ., concurred.